```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                               :
JACQUAR STOKES,                :
                               :
        Plaintiff,             :  Civ. No. 20-3881 (NLH)(AMD)
                               :
    v.                         :
                               :
NEW JERSEY STATE PAROLE        :  OPINION
BOARD MEMBERS, et al.,         :
                               :
        Defendants.            :
_____:
```

APPEARANCE:

Jacquar Stokes
824841
1001 Sterigere Street
Norristown, PA 19401-5391

    Plaintiff pro se

HILLMAN, District Judge

  I.   INTRODUCTION

    Plaintiff is proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Previously, this Court granted Plaintiff in forma pauperis status.  See ECF No. 2.

    At this time, this Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the reasons set forth below, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

II. BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names numerous Defendants in this action; they are as follows:

1. New Jersey State Parole Board Members
2. Samuel J. Plummeri – Chairman State Parole Board
3. Sgt. Tania Larkin – District Parole Supervisor
4. Barry Volkert, Jr.
5. Masseroni
6. Whittaker
7. Niederer
8. Scott
9. Dzurkoc
10. Healy
11. Taurino
11. Unnamed Officers from the United States Marshals Service
12. Juanita Cherry – Parole Officer
13. Ronald Cathel III – Parole Hearing Officer
14. Gregory L. Embley – Chief of Parole Revocation Unit
15. Carla M. Shabazz – Assistant Supervisor Revocation Unit
16. L.A. Dewitt – Technical Assistant
17. John Powell – Administrator South Woods State Prison

At the time Plaintiff filed this action, he was incarcerated at the New Jersey State Prison in Trenton, New Jersey.[1] Plaintiff challenges the circumstances leading to his arrest on a parole warrant as well as his subsequent parole revocation. Plaintiff states on June 9, 2018, he "maxed out"

---

[1] Plaintiff's most recent notice of address change indicates he is no longer incarcerated at a New Jersey state correctional facility. See ECF No. 9.

and was released from South Woods State Prison.  See ECF No. 1 at 9.  On November 19, 2019, Defendants Plummeri and Larkin issued a state parole warrant, but neither Defendant signed it. See id.

On November 27, 2019, New Jersey State Parole Officers and United States Marshals, which included Defendants Volkert, Jr. Masseroni, Whittaker, Niederer, Scott, Dzurkoc, Healy, Taurino as well as unnamed members of the United States Marshals Service, took Plaintiff into custody based on this warrant. Plaintiff states he was extracted at gunpoint, transported across state lines from Pennsylvania to New Jersey and then initially housed at the Burlington County Jail.  See id.

Plaintiff appeared on December 24, 2019, before Defendant Cathel III for a preliminary hearing.  Defendant Cherry testified at that hearing and conceded the parole warrant lacked signatures.  She though could not comment on other areas such as Plaintiff's claim he was required to remain on release status in the community.  Defendant Cathel though recommended Plaintiff remain in custody as Cathel did not find Plaintiff's testimony credible.  See id.

On January 14, 2020, Defendant Dewitt gave Plaintiff a new indictment which purportedly falsely claimed Plaintiff had a new sentence which began on November 27, 2019, or the day Plaintiff was taken into custody on the parole warrant.  Plaintiff

3

explains this new indictment did not come from a grand jury or a judge. See id.

On January 16, 2020, Plaintiff contacted Defendant Embley about this issue. Defendant Shabazz responded to Plaintiff's inquiry that the matter would be forwarded to South Woods State Prison Administrator Powell for review. See id. at 10.

Plaintiff alleges his constitutional rights were violated when he was kidnapped and transported across state lines with a fraudulent indictment. He further claims he was administratively tagged as a parolee and incarcerated at a "staged" quasi-judicial hearing. See id. Thus, Plaintiff is challenging both the underlying parole revocation arrest and subsequent hearing that placed him back in New Jersey state prison.

Plaintiff seeks compensatory and punitive damages. He also seeks declaratory relief in the form of an apology from the New Jersey State Parole Board as well as a "statement that it is illegal to place defendants who max out . . . back in prison" and a definition of his release status in the community. See id. at 11.

III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in

4

which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers

'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the

6

alleged deprivation was committed or caused by a person acting under color of state law. See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988).

IV. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has been convicted on charges directly related to the § 1983 claim. Heck restricts a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." Heck, 512 U.S. at 486. To recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Accordingly, when a prisoner seeks damages in a civil suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

7

invalidated." Id. at 487. Heck also applies to a § 1983 action that would imply the invalidity of a decision to revoke parole that has not already been invalidated, including where a plaintiff seeks declaratory relief. See, e.g., McKinney v. Pennsylvania Bd. of Prob. & Parole, 405 F. App'x 646, 647-48 (3d Cir. 2010) (citing Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006)) (District Court properly dismissed complaint seeking monetary and declaratory relief under Heck because success on his claims would necessarily imply the invalidity of his state confinement on parole revocation which had not been invalidated elsewhere).

Based on these principles, a judgment in Plaintiff's favor in this case "'would completely erode the basis for his [revocation of parole], implying that the [revocation] was invalid.'" Griffith v. Traendly, No. 19-15669, 2021 WL 912897, at *2 (D.N.J. Mar. 10, 2021) (quoting Robinson v. New Jersey State Police, No. 11-06070, 2012 WL 5944298, at *2 (D.N.J. Nov. 27, 2012)); see also Connolly v. Arroyo, 293 F. App'x 175, 177-78 (3d Cir. 2008) ("The duration of Connolly's confinement after he was arrested on the parole violator warrant has never been reversed on direct appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, and he, therefore, has not satisfied Heck's favorable termination rule."); Deslonde v. State of New Jersey,

No. 09-3446, 2010 WL 3167777, at *3-4 (D.N.J. Aug. 10, 2010) (plaintiff's claim seeking damages for unlawful detention based on parole warrant falsified by defendant barred by Heck absent proof underlying conviction was invalided).  Therefore, Heck bars Plaintiff's claims.

V.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.[2]  An appropriate order will be entered.

Dated: September 27, 2021           s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[2] Given that any amendment would be futile considering the Heck bar to Plaintiff's complaint, Plaintiff shall not have leave to file an amended complaint at this time.  See McKinney, 405 F. App'x at 648 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).