# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JACQUAR STOKES,**<br><br>      **Plaintiff,**<br><br>  v.<br><br>**N.J. STATE PAROLE BOARD MEMBERS,** *et al.***,**<br><br>      **Defendants.** | **Case No. 20–cv–03881–ESK–AMD**<br><br>**OPINION AND ORDER** |

      Plaintiff Jacquar Stokes submitted a complaint pursuant to 42 U.S.C. § 1983 on March 20, 2020 (Complaint). (ECF No. 1.) He alleged that he was kidnapped and transported across state lines with a fraudulent indictment and administratively tagged as a parolee and incarcerated at a "staged" quasi-judicial hearing. (*Id.* p. 10.) The Complaint challenged both the underlying parole revocation arrest and subsequent hearing that placed him back in New Jersey state prison.

      District Judge Noel L. Hillman screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 10.) On September 27, 2021, Judge Hillman concluded that plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because "a judgment in plaintiff's favor in this case would completely erode the basis for his revocation of parole, implying that the revocation was invalid." (*Id.* p. 8 (cleaned up).) Judge Hillman dismissed the Complaint without prejudice and denied leave to amend. (ECF No. 11.)

      Plaintiff filed a request to reopen the Complaint on March 5, 2025. (ECF No. 12.) I will deny the request. Plaintiff's letter does not provide any information about the status of his parole revocation proceedings, *i.e.*, whether they have been reversed on direct appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Connolly v. Arroyo*, 293 F. App'x 175, 177–78 (3d Cir. 2008). Therefore, the impediment identified by Judge Hillman still exists; the Complaint remains barred by *Heck*. Even if plaintiff is now able to allege facts showing that *Heck*

no longer applies, he must file a new civil rights complaint. *See Ball v. Angellucci*, No. 24–cv–05577, 2025 WL 28240, at *4 (E.D. Pa. Jan. 3, 2025).

**IT IS** on this **7th** day of **March 2025** **ORDERED** that:

1. Plaintiff's request to reopen the Complaint docketed at ECF No. 12 is denied.

2. The denial is without prejudice to plaintiff filing a new civil rights complaint in the event the parole revocation has been reversed, vacated, or otherwise invalidated.

3. The Clerk shall send a copy of this Opinion and Order to plaintiff by regular mail.

                                            */s/ Edward S. Kiel*
                                            **EDWARD S. KIEL**
                                            **UNITED STATES DISTRICT JUDGE**